UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **BETTY SIMPSON,** <br>     **Plaintiff,** <br><br> **V.** <br><br><br> **BLC LEXINGTON SNF, LLC, et al.,** <br>     **Defendants.** | **CIVIL ACTION NO. 5:22-cv-136-KKC** <br><br><br> **OPINION AND ORDER** |

*** *** ***

This matter is before the Court on plaintiff Betty Simpson's related motions: (1) a motion for leave to amend her complaint (DE 5) and (2) a motion to remand (DE 6). For the following reasons, both motions are DENIED.

### I.

Plaintiff Betty Simpson, a Kentucky resident, filed her initial complaint in Fayette Circuit Court on May 4, 2022. (DE 1, #1). The complaint relates to Simpson's treatment and care at Brookdale Richmond Place, a long-term care facility in Lexington, and alleges negligence and various violations of long-term care patient rights. *Id.* Initially, Simpson named sixteen corporate entities, one individual (an administrator), and three unknown parties as defendants. *Id.*

Defendants removed the case to this Court on May 27, 2022. (DE 1). On June 24, Simpson filed two motions. The first, a motion for leave to amend, asks the Court to allow Simpson to add as a defendant Lisa Dotson, Director of Clinical/Nursing Services for Brookdale Richmond Place. (DE 5). The second is a motion to remand based solely on the addition of Dotson as a defendant. (DE 6). As a resident of Kentucky, Dotson is a non-diverse defendant. Her addition would divest

this Court of jurisdiction. Simpson makes no other arguments as to why the Court should remand. Accordingly, the outcome of Simpson's motion to remand is dispositive of both motions before the Court.

## II.

Under Federal Rule of Civil Procedure 15, even when a party does not seek an amendment as a matter of course within the required 21-day period, the Court "should freely give leave when justice so requires." FRCP 15(a)(2). Normally, that means that "where the underlying facts would support a claim leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (internal citations removed).

"However, when a case is removed based on diversity, and an amendment would divest the court of that jurisdiction, Congress has left the decision to the discretion of the courts." *Rader v. Principle Long Term Care, Inc.*, No. 5:19-CV-00487-GFVT, 2020 WL 4758255, at *1 (E.D. Ky. Aug. 14, 2020) (citing 28 U.S.C. § 1447(e)). "[T]he court may deny joinder or permit joinder and remand the action to the State court." *Workman v. Tex. E. Transmission*, LP, No. 5:20-CV-396-JMH, 2021 WL 3045550, at *3 (E.D. Ky. July 19, 2021). District courts within this Circuit review four factors to determine whether to grant leave to amend in these circumstances: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *Rader*, 2020 WL 4758255, at *1 (quoting *Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, No. 5:13–CV–362–KKC, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014)).

## III.

### A.  Whether the purpose of the amendment is to destroy diversity

First, the Court must consider the extent to which the purpose of the amendment is to destroy diversity. This factor is "often of paramount importance because the ultimate question is whether the primary purpose of the proposed joinder is to divest the federal forum of jurisdiction." *Brandenburg v. Stanton Health Facilities*, *L.P.*, No. 5:14–cv–183–DCR, 2014 WL 4956282, at *2 (E.D. Ky. Oct. 2, 2014).

Courts routinely hold that the contemporaneous filing of a motion to amend to add non-diverse parties and a motion to remand indicate a strong motive to intentionally destroy federal diversity jurisdiction. *See Cooper v. Thames Healthcare Grp.*, LLC, No. CIV. 13-14-GFVT, 2014 WL 941925, at *4 (E.D. Ky. Mar. 11, 2014) ("[Plaintiff] filed the motion to amend less than a month after removal and simultaneously with its motion to remand, which was based solely on the joinder of [the non-diverse defendant]."); *Lawson v. Lowe's Home Ctrs., LLC*, No. 5:13-CV--374-KKC, 2015 WL 65117, at *4 (E.D. Ky. Jan. 5, 2015). Here, Simpson filed the motion to amend and the motion to remand on the exact same day, and she bases the motion to remand entirely upon the proposed addition of the non-diverse party.

Simpson argues that she failed to initially name the non-diverse defendant at issue here, Lisa Dotson, because there was a mistake concerning the identity of the nursing director at the long-term care facility. (DE 5 at 2). Simpson's original state court complaint did name "John Does 1 through 3" as "Unknown" defendants. (DE 1, #1 at 15). But there was no true mistake here. Simpson did not include the wrong defendant in her original complaint and pursue amendment to fix that error. Simpson named "unknown" defendants in her original complaint. Simpson surely could have discovered and included the identity of the nursing director at the nursing home in

which she was a resident—far before the case was removed to this Court. Courts in this district have addressed this very issue and found such excuses lacking. *See Cooper*, 2014 WL 941925, at *3 ("This explanation would be more compelling had the [plaintiff] learned of the identity of [the non-diverse defendant] after a period of discovery following removal and then moved for leave to file an amended complaint substituting her for one of the original 'Unknown Defendants.' However, that was decisively not the circumstances underlying this motion to amend."); *Lawson*, 2015 WL 65117, at *4 ([Plaintiff's] original complaint included an 'Unknown Defendant' . . . [n]evertheless . . . the circumstances . . . taken together suggest that the purpose [was to] destroy diversity jurisdiction."). *But see Rader*, 2020 WL 4758255, at *2 ("[A]lthough [plaintiff] filed the Motions to Amend and Remand simultaneously, she sought to name the correct administrators in her original complaint. This distinguishes the instant case from *Cooper* . . . .").

Further, federal district courts in Kentucky have "found intent [to destroy diversity] to be decisive when considering joinder of a non-diverse employee who was acting within the course and scope of employment with the diverse, removing defendant." *Watkins v. Hansford*, No. 3:17CV-00069-CRS, 2017 WL 4159401, at *3 (W.D. Ky. June 27, 2017); *see also Dockery v. GGNSC Louisville Hillcreek, LLC*, No. 3:16-CV-25-DJH, 2016 WL 5478009, at *3 (W.D. Ky. Sept. 27, 2016) (first factor weighed against joinder when "plaintiff filed her amended complaint contemporaneously with a motion to remand [,] the sole basis of her motion is lack of complete diversity [,] and Defendants concede that because the joined defendants are employees . . . and are being sued in their capacity as employees, respondeat superior likely applies"); *Barnett v. MV Transp., Inc.*, No. 3:14-CV-00250-TBR, 2014 WL 1831151, at *3 (W.D. Ky. May 8, 2014) (finding, in an action against employers, the contemporaneous requests to join a non-diverse employee and to remand "much to suggest that the purpose of Plaintiff's proposed amendment is

to defeat federal jurisdiction"). Here, Simpson is attempting to join an employee who, by acknowledgment of both plaintiff and defendants (DE 5, #2 at 15; DE 9 at 8), was working in the scope of her employment at the time relevant to the claims.

Therefore, this factor weighs strongly in favor of denying the motion to amend.

### B.  Whether plaintiff has been dilatory in seeking leave to amend

Secondly, this Court should consider whether the plaintiff has been dilatory in seeking to amend the complaint. Here, the Court finds that Simpson was not dilatory in seeking leave to amend. Simpson filed her original complaint in state court on May 4, 2022. (DE 1, #1). Defendants removed the case and filed answers on May 27, 2022. (DE 1, 2). Less than a month later, on June 24, Simpson filed the motion to amend at issue here. (DE 6). Courts in this district have found other plaintiffs not to be dilatory when even longer periods have elapsed. *See Crail v. Elsmere Health Facilities*, LP, No. CV 17-2-DLB-CJS, 2017 WL 2952274, at *8 (E.D. Ky. July 10, 2017) (collecting cases). Accordingly, this factor weighs in favor of Simpson.

### C.  Whether plaintiff will be prejudiced by denial of the motions

In this case, a plaintiff seeks to add a defendant who is an employee of an already-named defendant. Moreover, the employee was undisputedly acting in the scope of her employment in the context of the relevant claims. (DE 5, #2 at 15). Here, plaintiffs can obtain full recovery without joining the individual employees, and thus will not suffer substantial prejudice if the Court denies the amendment. *See Barnett*, 2014 WL 1831151, at *3-4 (finding unnecessary the joinder of a later-discovered party because the plaintiff could obtain "complete and adequate relief" under respondeat superior); *Brandenburg*, 2014 WL 4956282, at *3-4 (finding that respondent superior could afford the plaintiff adequate relief); *Davis v. Owners Ins. Co.*, 29 F. Supp. 3d 938, 944 (E.D.

Ky. 2014) (finding a lack of substantial prejudice if the court denied joinder because the plaintiff could obtain full relief under respondeat superior).

This holds true even when the plaintiff could seek to impose individual liability against the employee. *See Lawson*, 2015 WL 65117 at *4 ("[Plaintiff] argues that she is seeking to impose individual liability against the . . . employees [because] every person is responsible for his or her own actions [under Kentucky law]. In her amended complaint, however, [plaintiff] fails to allege conduct by any of the . . . employees falling outside the scope of employment. Thus . . . she would not suffer substantial prejudice [were the amendment disallowed]."); *Davis*, 29 F. Supp. 3d at 944 ([I]n the event [the employee] committed tortious acts, Defendant [employer] can be held vicariously liable for tortious acts committed in the scope of . . . employment . . . and [employee] would not be necessary to make Plaintiff whole."). Here, again, Simpson states that "at all relevant times pertinent to this Complaint, Lisa Dotson was acting within the scope of her employment with Brookdale Richmond Place." (DE 5, #2 at 15).

The Court finds that Simpson would not suffer substantial prejudice were the Court to deny her motion. Therefore, the third factor weighs in favor of denying the motion to amend.

### D. Other relevant equitable factors

In evaluating plaintiff's motions, the court will examine other equitable factors that may be relevant in deciding the motion. Federal courts in Kentucky have considered the defendant's "substantial interest in proceeding in a federal forum." *Bridgepointe Condominiums, Inc. v. Integra Bank Nat. Ass'n*, No. 08-cv-475-C, 2009 WL 700056, at * 2 (W.D. Ky. Mar. 13, 2009). Here, the defendants properly removed this action to this Court based on diversity jurisdiction and have a substantial interest in proceeding here. Likewise, this Court will consider whether the prospective defendant "should be hauled into this Court to respond to [p]laintiff's [c]omplaint, when doing so

would offer little if any benefit to [p]laintiff's case but would certainly destroy this Court's jurisdiction." *Barnett*, 2014 WL 1831151, at *2. As addressed above, joining Dotson—an employee acting in the scope of her employment—would offer little benefit to Simpson's case.

Simpson does not argue nor does the Court find that there are any equitable factors that support adding Dotson as a defendant in this matter. Therefore, this fourth factor weighs in favor of denying Simpson's motion.

### IV.

Having considered the issues above, the balance tilts against Simpson. Accordingly, her motion to amend the complaint must be denied. Also, because the entire basis of Simpson's motion to remand is the inclusion of Dotson as a defendant in the case, the Court must deny the motion to remand. Accordingly, the Court hereby ORDERS that the motion for leave to amend (DE 5) and the motion to remand (DE 6) are BOTH DENIED.

This 26th day of October, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY